**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND; and CHARLES A. WHOBREY, as Trustee, | ) ) ) ) | Case No. 19-cv-6216 |
| *Plaintiffs*, | ) ) | Judge |
| v. | ) ) | Magistrate Judge |
| FIRST STUDENT, INC., a Delaware corporation, | ) ) ) | |
| *Defendant*. | ) | |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Health and Welfare Fund and Charles A. Whobrey, as Trustee, allege as follows:

## JURISDICTION AND VENUE

1.      This action is brought and maintained in accordance with the provisions of Subchapter I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1191. Plaintiffs seek to recover employer contributions owed to the Central States, Southeast and Southwest Areas Health and Welfare Fund (the "Health Fund") by Defendant in accordance with applicable collective bargaining agreements, a letter of understanding, a participation agreement, and a trust fund agreement.

2.      This Court has jurisdiction over this action under ERISA section 502(e)(1), 29 U.S.C. § 1132(e)(1).

3.      Venue lies in this Court under ERISA section 502(e)(2), 29 U.S.C. § 1132(e)(2), in that the Health Fund is an "employee benefit plan" as that term is defined in ERISA and is administered at its exclusive place of business in Chicago, Illinois. Venue is also proper in this

Court pursuant to the forum selection clause contained in the Health Fund's Trust Agreement, which designates this district as the appropriate forum for lawsuits to collect unpaid contributions.

## PARTIES

4.      The Health Fund is an employee benefit plan and trust, with its principal and exclusive office located at 8647 West Higgins Road in Chicago, Illinois.

5.      The Health Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing health and welfare benefits to participants and beneficiaries of the Health Fund and paying the administrative expenses of the Health Fund.

6.      Plaintiff Charles A. Whobrey is a present trustee and "fiduciary" of the Health Fund, as that term is defined in ERISA. Pursuant to ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3), Charles A. Whobrey is authorized to bring this action on behalf of the Health Fund and its participants and beneficiaries in his capacity as a trustee and fiduciary.

7.      Defendant, First Student, Inc. ("First Student"), is a corporation organized under the laws of the State of Delaware. First Student is an "employer" and a "party-in-interest" as those terms are defined by ERISA sections 3(5) and 3(14)(C), 29 U.S.C. §§ 1002(5) and 1002(14)(C).

## BACKGROUND INFORMATION

8.      Local Union No. 773 ("Local 773") of the International Brotherhood of Teamsters is a labor organization that represents, for the purpose of collective bargaining, employees of First Student and employees of other employers in industries affecting interstate commerce.

## CBAs, Letter of Understanding, and Participation Agreement

9.     During all relevant times, including December 27, 2009, through August 31, 2019, First Student and Local 773 have been parties to collective bargaining agreements pursuant to which First Student has been required to make contributions to the Health Fund on behalf of certain covered employees.

10.     On or about June 9, 2015, First Student and Local 773 entered into a letter of understanding and agreement (the "Letter of Understanding"), under which First Student agreed that it would contribute to the Health Fund on behalf of all covered employees hired on or after September 1, 2014:

> Effective September 1, 2014, contributions will be remitted to the Central States Health & Welfare Fund on behalf of any employee covered by the collective bargaining agreement (cba) beginning on their date of hire, regardless of probationary or seniority status. Only those who had previously opted out under the prior (initial) contract are allowed to remain out. All new hires since the old contract expired must participate in the Central States Health & Welfare Plan. Contributions will be remitted for all compensated periods, including paid vacations, paid holidays, and actual time worked.

11.     First Student and Local 773 are also parties to a participation agreement (the "Participation Agreement"). The introductory paragraph of the Participation Agreement provides, in part, as follows:

> This Agreement sets forth the terms under which the Employer will participate in the [Health Fund] in accordance with its collective bargaining agreement with the Union . . . .

12.     Paragraph 1 of the Participation Agreement provides as follows:

> The Union and Employer agree to be bound by the Trust Agreement(s) of the [Health Fund] and all amendments subsequently adopted as well as all rules and regulations presently in effect or subsequently adopted by the Trustees of the [Health Fund] and accept the respective Employer and Employee Trustees and their successors.

13.     Paragraph 9 of the Participation Agreement provides as follows:

The Employer shall provide the Trustees with access to its payroll records and other pertinent records when requested by the [Health Fund]. If litigation is required to either obtain access to the Employer's records or to collect additional billings that result from the review of the records, all costs incurred by the [Health Fund] in conducting the review shall be paid by the Employer and the Employer shall pay any attorneys' fees and costs incurred by the [Health Fund].

## Trust Agreement

14.     First Student agreed to be bound by the terms of the Health Fund Trust Agreement (the "Trust Agreement") and all rules and regulations promulgated by the Trustees under that Trust Agreement.

15.     The first paragraph of Article III, Section 1 of the Trust Agreement provides, in part, as follows:

Each Employer shall remit continuing and prompt Employer Contributions to the [Health Fund] as required by the applicable collective bargaining agreement, participation agreement, this Agreement and/or other written agreement to which the Employer is a party, applicable law and all rules and requirements for participation by Employers in the Fund as established and interpreted by the Trustees in accordance with their authority . . . .

16.     Article XI, Section 4 of the Trust Agreement provides as follows:

Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any Employer Contributions from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer, in accordance with the preceding sentence, shall be computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized interest rate of 7.5% (whichever is greater). Any judgment against an Employer for Employer Contributions owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid Employer

Contributions. The interest rate after entry of a judgment against an Employer for contributions and/or other amounts due shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized interest rate of 7.5% (whichever is greater), and such interest shall be compounded annually.

17.     The Health Fund relies upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees. Based upon the employee work history reported by the employers, the Health Fund bills the employers for contributions.

18.     Pursuant to the Trust Agreement, the Health Fund is permitted to audit the work history records of participating employers to verify the accuracy and completeness of the reported employee work history submitted as part of the self-reporting system. Article III, Section 5 of the Trust Agreement provides, in part, as follows:

Each Employer shall promptly furnish to the Trustees, upon reasonable demand, the names and current addresses of its Employees, their Social Security numbers, the hours worked by each Employee and such other information as the Trustees may reasonably require in connection with the administration of the Trust. The Trustees may, by their representatives, examine the pertinent records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust. . . .

19.     Article XI, Section 11 of the Health Fund Trust Agreement provides as follows:

An Employer shall be required to pay audit fees and audit costs if litigation is required to obtain access to any records that are requested in connection with an audit and/or if litigation is required to collect additional billings that result from the audit. Audit fees will be calculated at the market rate for the metropolitan Chicago area.

## STATUTORY AUTHORITY

20.     ERISA section 515, 29 U.S.C. § 1145, provides as follows:

Every employer who is obligated to make contributions to a multiemployer plan
under the terms of the plan or under the terms of a collectively bargained agreement
shall, to the extent not inconsistent with law, make such contributions in accordance
with the terms and conditions of such plan or such agreement.

21.     ERISA section 502(g)(2), 29 U.S.C. § 1132(g)(2), provides as follows:

In any action under this subchapter by a fiduciary for or on behalf of a plan to
enforce section 515 of this title in which a judgment in favor of the plan is awarded,
the court shall award the plan—

    (A)     the unpaid contributions,

    (B)     interest on the unpaid contributions,

    (C)     an amount equal to the greater of—

        (i)     interest on the unpaid contributions, or

        (ii)     liquidated damages provided for under the plan in an amount
not in excess of 20 percent (or such higher percentage as may
be permitted under Federal or State law) of the amount
determined by the court under subparagraph (A),

    (D)     reasonable attorney's fees and costs of the action, to be paid by the
defendant, and

    (E)     such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined
by using the rate provided under the plan, or, if none, the rate prescribed under
section 6621 of Title 26.

## STATUTORY AND CONTRACTUAL VIOLATIONS

22.     The Health Fund audited First Student's records to verify the accuracy and
completeness of First Student's self-reported employee work history during the period of
December 30, 2012, through December 30, 2017.

23. The audit revealed that First Student had failed to accurately report the work history of its covered employees to the Health Fund for the period of December 30, 2012, through December 30, 2017. Upon information and belief, First Student has also failed to accurately report the work history of its covered employees to the Health Fund for the period of December 31, 2017, through August 31, 2019.

24. First Student breached the provisions of ERISA, the collective bargaining agreements, the Letter of Understanding, the Participation Agreement, and the Trust Agreement by failing to pay all of the contributions (and interest due thereon) owed to the Health Fund for the period of December 30, 2012, through August 31, 2019.

25. First Student owes the Health Fund approximately $206,927.30 for unpaid contributions (not including interest) for the period of December 30, 2012, through December 30, 2017, as a result of the conduct set forth in paragraph 24. First Student also owes the Health Fund for unpaid contributions for the period of December 31, 2017, through August 31, 2019, in an amount that is not known with specificity, as a result of the conduct set forth in paragraph 24.

26. Despite demands that First Student perform its statutory and contractual obligations to make contributions to the Health Fund, First Student has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 24.

* * *

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant in favor of the Health Fund, pursuant to ERISA section 502(g)(2), 29 U.S.C. § 1132(g)(2), for:

(i) the unpaid contributions owed to the Health Fund by Defendant;

(ii)    interest on the unpaid contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) an annualized interest rate of 7.5%;

(iii)    an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions; and

(iv)    audit fees and costs; and

(v)    attorney's fees and costs.

(b)    Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

(c)    For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/ Frank T. Blechschmidt*
Frank T. Blechschmidt (#6308606)
Central States Law Department
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631-2803
Telephone: (847) 777-4088
Fax: (847) 518-9797
Email: fblechsc@centralstatesfunds.org

September 18, 2019        *Attorney for Plaintiffs*